CAPÓ, WIDOW OF RIVERA, PLAINTIFF AND APPELLEE, v. SUCCESSION OF FERNÁNDEZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of Guayama in an Action for the Recognition of Joint Ownership.

Motion by Appellant to Amend the Record.

No. 1801.—Decided June 21, 1918.

APPEAL—AMENDMENT OF RECORD.—The rule that a motion to amend the record should be made before the case is submitted to the appellate court is undoubtedly the general rule which should be followed, but it cannot be denied that there may be circumstances of such a nature as to oblige the court to allow an amendment in the interest of justice, as in this case, even after the appeal has been submitted.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for the appellant.

*Messrs. Pedro Gómez Lasserre* and *Miguel Marcos Morales* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

When this case came up for hearing on May 23, 1918, the plaintiff-appellee moved for dismissal of the appeal because the transcript of the record did not contain a copy of the judgment from which the appeal was taken. The appellant contended that the judgment was included in the transcript, and the case was thus submitted to this court for consideration and decision.

Five days after the hearing the appellant filed a motion stating that although it regarded the transcript as complete, nevertheless it exhibited a certified copy of the judgment as entered in the docket of civil judgments of the district court for inclusion in the record. The appellee objected and this new question was also submitted for our consideration and decision.

In opposition to the appellant's motion the appellee invokes the established rule that motions for leave to correct the record must be made prior to the submission of the case to the court. 3 Cyc. 143.

This is undoubtedly the rule which should be followed in most cases, but it cannot be denied that the attendant circumstances may be so strong as to compel the court, in the interest of justice, to allow the amendment even after the appeal has been submitted.

If we examine the transcript as originally filed, we shall find therein a paper entitled "Decision," which concludes as follows: "For all of which the court considers that it should, as it does, render the following judgment." And immediately following this in the transcript is another paper entitled "Judgment," which finally disposes of the case and concludes: "Let the parties be notified for their guidance. Done in open court in Guayama, Porto Rico, this thirtieth day of October, 1917. (Signed) J. A. López Acosta, Judge, District Court. Attest: (Signed) E. S. Mestre, Clerk." The only thing lacking is the endorsement that the judgment was entered in the docket of civil judgments of the district court. And that is really the omission which is supplied by the document now sought to be made a part of the record.

Therefore, the transcript contained an element of proof of the existence of the judgment, and that element of proof was clearly confirmed by the certificate exhibited later. How is it possible that, having conclusive evidence before us that the judgment exists and was duly entered prior to the filing

of the appeal, this court can dismiss the appeal on the ground that no such document exists?

In no case in which this court has dismissed an appeal on the ground that the transcript of the record did not contain a copy of the judgment appealed from has the interested party, either before or after the hearing, showed that the judgment had in fact been rendered and entered in accordance with the law. The circumstances, then, are different.

In furtherance of justice this court, in the exercise of its discretion in this particular case, should allow the certificate exhibited by the appellant to be included in the record and be effective therein. This conclusion should not be construed in the sense that this court will not be rigorous in applying the general rule that motions for the correction of records should be made before the submission of the case to the court for decision.

The record being corrected and it appearing therefrom that the judgment appealed from was rendered and entered in proper form, no ground exists for the appellee's motion for dismissal.

In view of all the foregoing, we are of the opinion that the appellant's motion should be sustained and that of the appellee dismissed.

*Appellant's motion sustained.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.